OPINION OF THE COURT
Richakd M. Koweek, J.
Each of the above named defendants were indicted for the following offenses:
Petit larceny, a class A misdemeanor, in violation of Penal Law § 155.25, where it is alleged that each defendant stole a copy of 911 calls from the Troy Police Department;
Public corruption, in violation of Penal Law § 496.06 (1), a non-designated misdemeanor, where it is alleged that each defendant committed the specified offense of petit larceny through the use of his public office and the State or any political subdivision thereof or any governmental instrumentality is the owner of the property;
Official misconduct, a class A misdemeanor, in violation of Penal Law § 195.00 (1), where it is alleged that these defendants, acting in concert with one another, each of whom is alleged to be a public servant, did, with intent to obtain a benefit or deprive another person of a benefit, solicit and request a public servant to commit an act relating to the public servant’s office but constituting an unauthorized exercise of his official functions, knowing that such act is unauthorized;
Conspiracy in the sixth degree, a class B misdemeanor, in violation of Penal Law § 105.00, where it is alleged that each of the defendants did, with intent that conduct constituting a crime be performed, agree with one or more persons to engage or cause to perform such conduct; and
Criminal solicitation in the fifth degree, a violation, contrary to Penal Law § 100.00, where it is alleged that each defendant, with intent that another person engage in conduct constituting a crime, solicited, requested, commanded, importuned or otherwise attempted to cause such other person to engage in such conduct.
All of these acts are alleged to have taken place in October 2015.
The arraignment of all three defendants was continued in Rensselaer County Court on October 13, 2016, by the undersigned and they were released on their own recognizance.
By agreement of the three defendants and their counsel, and without objection by the People, they have, through the argu *213 ment of one counsel, Trey Smith, Esq., attorney for Shane Hug, submitted a collective motion for the appointment of a special district attorney pursuant to County Law § 701. The motion is opposed by the People.
Defendants’ Arguments
The defendants argue that Mr. Abelove and his office should be disqualified from the prosecution of this indictment based upon an appearance of impropriety such as to discourage public confidence in the District Attorney’s Office and the system of law to which it is sworn to uphold. They point out that the genesis for this prosecution is the claimed violation of section 308 (4) of the County Law which provides:
"[r]ecords, in whatever form they may be kept, of calls made to a municipality’s E911 system shall not be made available to or obtained by any entity or person, other than that municipality’s public safety agency, another government[al] agency or body, or a private entity or a person providing medical, ambulance or other emergency services, and shall not be utilized for any commercial purpose other than the provision[s] of emergency services.”
They also invoke Rules of Professional Conduct (22 NYCRR 1200.0) rule 1.7 (a) (2) which provides that “a lawyer shall not represent a client if a reasonable lawyer would conclude that . . . there is a significant risk that the lawyer’s professional judgment on behalf of [the] client will be adversely affected by the lawyer’s own . . . personal interests.”
They identify the following facts, none of which have been disputed by the People, in their affirmation in opposition:
1. Shane Hug was a member of Mr. Abelove’s office as an Assistant District Attorney at the time it is alleged he committed the transgressions outlined in the indictment.
2. Gary Gordon was an Investigator for the Rensselaer County District Attorney’s Office when Mr. Abelove was a candidate in 2011 seeking to obtain the Republican nomination for District Attorney against Richard McNally. Mr. Abelove and Troy Police Officer, Sergeant (Sgt.) Tim Calinaeri, sought to obtain the endorsement of the Troy Police Benevolent Association as part of his campaign. At a meeting held during September or October 2011 by the Troy Police Benevolent Association, Mr. Gordon was present when Mr. Abelove and Sgt. Calinaeri urged the membership to endorse Mr. Abelove. Mr. *214 Abelove is alleged to have cited the mishandling of five or six cases, then being supervised by Richard McNally, resulting in the dismissal of these charges, asserted to be serious felony cases. In response, in front of the membership, Mr. Gordon is alleged to have challenged the accuracy and truthfulness of Mr. Abelove’s assertions and told the membership that Mr. Abelove was in fact lying to them, in an attempt to gain their support.
The membership did not endorse Mr. Abelove for his candidacy for Rensselaer County District Attorney. After Mr. Abe-love was ultimately elected Rensselaer County District Attorney, in 2014, but prior to taking office, he abolished the position of Investigator, then occupied by Gary Gordon. It is further alleged that Mr. Gordon was the unsuccessful Democratic candidate for Sheriff in Rensselaer County.
3. In October 2015, James Gordon (no relation to defendant Gary Gordon), then a Republican candidate for Mayor for the City of Troy, was the object of a story reported in local newspapers and television regarding a 911 call alleged to have been made by Mr. Gordon’s wife concerning a domestic disturbance. It is alleged that James Gordon and Mr. Abelove have supported one another politically and financially in their various runs for public office. Mr. Gordon lost the election for Mayor in 2015. He made a public statement looking forward to punishment of the person or persons who released the 911 call information without permission.
It is alleged that Sgt. Calinaeri authorized the release of the 911 audio and gave it to defendant Fountain, then a member of the Troy Police Department, to publish. It is further alleged that Sgt. Calinaeri testified before the grand jury resulting in the instant indictment and was given immunity. He was not prosecuted criminally for any involvement in the release of the 911 tape that is the subject of the current indictment.
4. Defendants allege that Mr. Abelove has demonstrated a pattern of favoring criminal defendants who have supported him in his campaign to be elected District Attorney, including former Republican Rensselaer County Legislator, chairman Martin Reid and Richard Crist, a Republican County Legislator. They also allege that the Attorney General of the State of New York has commenced a public investigation of District Attorney Abelove by virtue of his presentation to a grand jury of an incident involving a police shooting, resulting in a fatality, at a time when the Governor of New York had granted exclusive *215 authority, by an executive order, to the Attorney General, to investigate and prosecute police shootings resulting in fatalities, across the State of New York.
5. The underlying theory of prosecution in this case is unprecedented. They claim that there are no reported cases involving a criminal prosecution of any person who may have been involved in an unauthorized release of 911 calls, contrary to the prohibition contained in County Law § 308 (4). The section itself lacks any provision for criminal sanctions. Furthermore, it is alleged that Mr. Abelove’s office and/or members of the New York State Police have released other 911 calls with impunity.
6. Defendant Hug may be a political rival of Mr. Abelove since he sought, unsuccessfully, to obtain the Democratic nomination for district attorney in 2014.
Taken together, defendants urge these undisputed facts have already created a public appearance of impropriety and partiality and that, in this case, for the sake of the public’s confidence in the integrity and impartiality of justice in Rensselaer County, Mr. Abelove and his office should be disqualified from prosecution of this case.
They seek to distinguish a prior motion, made only by Shane Hug, for the disqualification of Mr. Abelove, which was denied by Judge Breslin in April 2016. That motion was made at a time when the matter was under investigation and there had not yet been any indictment. Since then, defendants claim new facts came to light that were not contained in the prior motion. For example, defendants were unaware that Sgt. Calinaeri was the officer who disclosed the 911 audio to defendant Fountain and that Fountain claimed that Sgt. Calinaeri authorized the release of the 911 audio. Further, it was not known in the prior motion that Mr. Abelove had granted Sgt. Calinaeri immunity from prosecution and that Sgt. Calinaeri was Mr. Abelove’s political supporter. Also, defendant Hug did not know that James Gordon and Mr. Abelove were political allies and supporters of one another’s campaign and that Mr. Abelove had contributed to James Gordon’s campaigns for Troy City Council and Mayor. Finally, defendants were unaware that the Troy Police Department had released a 911 audio of a separate incident involving a police shooting and further that Mr. Abe-love had sought the appointment of a special district attorney involving the prosecution of a separate criminal defendant, Eugene Grimmick, which case was only recently dismissed by *216 Saratoga County Court. Therefore, they assert, the previous decision by Judge Breslin, denying the motion to disqualify, can be distinguished from the instant motion.
District Attorney’s Responses
In response, the District Attorney points to the standard that any defendant must meet in order to obtain the disqualification of a district attorney upon the grounds of appearance of impropriety is a high one, citing People v Keeton (74 NY2d 903 [1989]) and Matter of Schumer v Holtzman (60 NY2d 46 [1983]). He then attempts to refute defendants’ arguments.
For example, defendants assert that James Gordon is the complainant in this case. The fact that he may have supported the District Attorney’s campaigns does not give rise to an actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence. Timothy Calinaeri’s support of the District Attorney similarly does not support the standard for disqualification.
The contention that Mr. Hug may be a potential political rival of Mr. Abelove, likewise, does not meet the legal requirements for the appointment of a special district attorney. He asserts defendant’s potential future political aspirations are mere speculation and simply do not constitute actual prejudice arising from a demonstrated conflict of interest.
Other grounds for disqualification advanced now were rejected by Judge Breslin, such as the elimination of Gary Gordon’s position in the District Attorney’s Office, his claim of unprecedented prosecution theories and his assertion that defendants could raise acts of public corruption by the District Attorney. He also contradicts defendants’ assertions that the connection between James Gordon and Mr. Abelove was not discoverable.
Whether the Troy Police Department released 911 calls in a different case does not constitute grounds for disqualification here. A wholly unrelated case involving a Troy police officer who shot and killed a motorist is similarly irrevelant to the factors under consideration in this case. The fact that Mr. Abe-love sought the appointment of a special district attorney for a separate criminal prosecution of a different Rensselaer County attorney, Mr. Grimmick, does not, as he asserts, constitute actual prejudice arising from a demonstrable conflict of interest.
*217 Finally, he disputes that judicial economy requires the appointment of a special district attorney and is an improper factor, as well as cost, for making such a decision.
In reply, defendants assert that at least in one case, cost was a factor in a County Court’s decision in appointing a special district attorney. (Matter of the Application for the Appointment of a Special Prosecutor Dated May 10, 2016, 52 Misc 3d 708 [St. Lawrence County Ct 2016], citing Matter of Working Families Party v Fisher, 23 NY3d 539 [2014].)
Discussion
County Law § 701 (1) empowers a trial court to appoint a special district attorney.[1] The Court of Appeals has had occasion to pass on the issue of disqualification of a duly elected district attorney on several occasions. In the case of People v Adams (20 NY3d 608, 612-613 [2013]), the Court held as follows:
“ ‘The courts, as a general rule, should remove a public prosecutor only to protect a defendant from actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence’ (Matter of Schumer v Holtzman, 60 NY2d 46, 55 [1983] . . . ). ‘The latter phrase refers to the “opportunity for abuse of confidences entrusted to [an] attorney” ’ (People v Shinkle, 51 NY2d 417, 420 [1980], cited in Schumer). In general, ‘[t]he objector should demonstrate actual prejudice or so substantial a risk thereof as could not be ignored’ (Schumer, 60 NY2d at 55.)
“However, in rare situations, the appearance of impropriety itself is a ground for disqualification, as our case law recognizes, when the appearance is such as to ‘discourage [ ] public confidence in our government and the system of law to which it is *218 dedicated’ (People v Zimmer, 51 NY2d 390, 396 [1980]). In a case of that nature, ‘[d]efendant[s], and indeed the public at large, are entitled to protection against the appearance of impropriety’ ” (citation omitted).
It is clear that this authority should be exercised sparingly. (Matter of Working Families Party v Fisher, 23 NY3d 539 [2014]; Matter of Soares v Herrick, 20 NY3d 139 [2012].) The burden is on the defendant to show actual prejudice. (People v Johnson, 20 AD3d 808 [3d Dept 2005].) An inference of impropriety will not, by itself, be sufficient to grant the relief. (People v Vanderpool, 217 AD2d 716 [3d Dept 1995].) In one recent case, a trial judge denied a request for the appointment of a special district attorney, made by a defendant in a criminal case who was a third-party witness in a civil case brought by the District Attorney of Putnam County against the Putnam County Sheriff for libel and slander. The Sheriff had asserted a separate civil lawsuit against the District Attorney and there was a contention by the defendant that the District Attorney (Levy) was attempting to use his office as prosecutor to advance his interests in the separate civil case. (People v Castaldo, 48 Misc 3d 996 [Sup Ct, Putnam County 2015].) That court concluded that the defendant had failed to show there was an actual conflict of interest between the defendant and the District Attorney to justify the appointment of a special district attorney.
Here, the defendants do not assert that an actual conflict of interest exists creating actual prejudice or a substantial risk of an abuse of confidence. Rather, they assert that the undisputed facts, not controverted by Mr. Abelove in his answering affirmation, including claimed misbehavior by Mr. Abelove in other prosecutions (Reid and Crist matters), provide a sound historical foundation to the defendants’ allegation that public confidence in the integrity and impartiality of justice in Rens-selaer County, already impaired, as defendants’ assert, will be shaken again by another politically motivated prosecution against these three defendants.[2]
Defendant Hug has submitted an affidavit in support of this motion wherein he lists a number of cases where he has appeared as a criminal defense attorney and the District Attorney *219 of Rensselaer County has been relieved from prosecution, at its own request, on at least nine separate files. He asserts further that he has an active criminal defense practice in Rensselaer County and elsewhere and, based upon prior practice by the District Attorney, such disqualifications are anticipated to continue. In that regard, defendants’ argue that the cost of such special district attorneys is an appropriate factor for a court to weigh in deciding whether to appoint one special district attorney in this case as opposed to multiple special district attorneys for every case in which defendant Hug has appeared representing defendants being prosecuted by the Rensselaer County District Attorney’s Office. (Matter of the Application for the Appointment of a Special Prosecutor Dated May 10, 2016, 52 Misc 3d 708 [St. Lawrence County Ct 2016].)
This court is aware that on the day this indictment was announced (October 7, 2016, a Friday of a three-day holiday weekend), the District Attorney’s Office sought from this court, not a prompt arraignment of the defendants, but rather a warrant for each of their arrests. The Office sought this at a time when it had been informed by counsel for each defendant that they were each prepared to surrender themselves promptly upon the indictment’s announcement. This court is struck by the absence of dispute by Mr. Abelove, in his answering papers, to the allegations describing the behavior of his office with regard to these three defendants and, in particular, to the fact that Mr. Abelove sought an investigation against his own Assistant District Attorney while that Assistant District Attorney remained employed in his office.
Although the district attorney of every county is invested with significant discretion to charge any particular individual with a crime (see generally Matter of Holtzman v Goldman, 71 NY2d 564, 573 [1988]; CPL 190.60, 190.65), the utilization of an indictment to accuse these three defendants of several class A or B misdemeanors, an unclassified misdemeanor, and a violation, utilizing, what appears to be an as yet untested theory of criminal prosecution (County Law § 308 [4]), also gives this court pause.
Finally, this court is aware of the decision by Supreme Court Justice Thomas A. Breslin that denied a motion by defendant Hug to disqualify the Rensselaer County District Attorney’s Office at a time when he was under investigation but not yet *220 indicted.[3] While it is true that some of the arguments made in the previous motion have also been made here, new ones have been advanced in the instant motion and there has now actually been an indictment. Therefore, this court believes the previous decision can be distinguished.[4]
Based upon all the facts and circumstances and after a careful review of the case law, this court is of the opinion that there exists, in the present prosecution of these three defendants, the appearance of impropriety such as to discourage public confidence in our government and the system of law to which it is dedicated. It concludes that the defendants and indeed the public at large are entitled to protection against the appearance of impropriety under this unique set of facts. (People v Adams at 612-613.)
Accordingly, the court grants the defendants’ motion to appoint a special district attorney. The court appoints the Honorable Paul Czajka, District Attorney of Columbia County, to be a special district attorney of this indictment pursuant to County Law § 701.
Mr. Abelove is directed to turn over his entire file to Mr. Czajka immediately.

. The law provides:
“Whenever the district attorney of any county and such assistants as he or she may have . . . are disqualified from acting in a particular case to discharge his or her duties at a term of any court, a superior criminal court in the county wherein the action is triable may, by order:
“(a) appoint some attorney at law having an office in or residing in the county, or any adjoining county, to act as special district attorney during the absence, inability or disqualification of the district attorney and such assistants as he or she may have” (County Law § 701 [1]).

. Reply affirmation of Trey Smith, Esq., para 11.

. Decision and order, Breslin, J., dated Apr. 11, 2016.

. The authority of the court to decide this motion by compliance with 22 NYCRR 200.15 has been resolved by the issuance of an order from the administrative judge, supplementing the standing order of cross assignment, to specifically allow it to address the question of disqualification.