OPINION OF THE COURT
Derek P. Champagne, J.
This matter is before the court by way of a notice of petition, together with an affidavit in support of same, including exhibits, filed by Edward F. Narrow, Esq., of the firm Dumas & Narrow, P.C., seeking an order in each of the captioned matters appointing a special prosecutor pursuant to County Law § 701 (1), and for such other and further relief as the court deems just and proper. The caption contains 55 criminal matters[1] and one Department of Social Services matter. The caption also includes 40 unknown individuals yet to be named, referred to as John Doe (1-20) and Jane Doe (1-20).
The petition was filed on March 6, 2017, and includes a request for oral argument. The People filed a response in opposition to defendants’ petition to recuse the District Attorney pursuant to County Law § 701, together with exhibits, on March 20, 2017. The court scheduled the matter for oral argument on March 21, 2017. The court notes that the County Attorney was not served with a copy of the petition. The court, based upon the unique circumstances, alerted the County Attorney, on behalf of the Board of Legislators of the county, and allowed him to participate in a limited capacity, recognizing the statutory notice and opportunity to be heard should the petition be granted.[2] (See County Law § 701 [5].) The County Attorney filed a response on March 16, 2017.
The undisputed facts since April of 2016 regarding District Attorney Rain and Attorney Narrow include: Attorney Narrow filing a grievance with the committee against the District Attorney and members of her office; the District Attorney making the grievance public; the District Attorney threatening to indict *1100 Attorney Narrow under two separate theories; a special prosecutor being appointed to investigate all allegations of the District Attorney against Attorney Narrow; the St. Lawrence County grand jury returning a no-bill, of which this court took judicial notice; the completion of the investigation into Attorney Narrow; and Attorney Narrow filing a notice of claim against the District Attorney, both in her official capacity and personally.
The exhibits attached to Attorney Narrow’s affidavit include an email pertaining to alleged grand jury disclosure; a May 17, 2016 County Court decision by Hon. John F. Richey (Matter of the Application for the Appointment of a Special Prosecutor Dated May 10, 2016, 52 Misc 3d 708 [St. Lawrence County Ct 2016]); a March 1, 2017 notice of claim; a copy of County Law § 701; and an affidavit in support of the petition by former Chief Assistant District Attorney Frank R. Cositore. The court has obtained and reviewed the transcripts for People v Girard R. Gillett dated April 7, 2016, and People v Shawn G. Sheridan dated April 13, 2016, and May 10, 2016, referenced in Attorney Narrow’s affidavit.
The People’s response in opposition to the defendants’ petition was prepared by Chief Assistant District Attorney Keith Massey. Attached as exhibits are the petition filed by the People in May of 2016; an affidavit of District Attorney Mary E. Rain; an affidavit of Assistant District Attorney Elias Farah; affidavits of Assistant District Attorneys Matthew Peabody and Joshua Haberkornhalm; an email from Attorney Narrow to the District Attorney regarding a defendant; further emails regarding grand jury testimony by defendants; and copies of media coverage.
On March 21, 2017, Attorney Narrow appeared for oral argument on behalf of the captioned defendants. None of the captioned defendants were present. Chief Assistant District Attorney Keith Massey appeared on behalf of the People. County Attorney Stephen D. Button was also present in a very limited capacity. Attorney Narrow originally sought any responding affidavits be served upon him at least two days before the return of the motion pursuant to Civil Practice Law and Rules § 2214 (b). However, he waived the late service by the People and asked to proceed.
Attorney Narrow gave a brief oral argument and asked the court to hear from witnesses in support of his petition. The People objected indicating that the matter was scheduled for *1101 oral argument only and they were not prepared to go forward with a hearing. The court agreed to hear testimony, allowing the People additional time, if necessary, so that they were in a position to fully participate in the matter. Attorney Narrow called former Chief Assistant District Attorneys Frank Cositore and David Haggard, as well as former Town Judge Paul Lam-son, as witnesses at the hearing. The hearing took place over three days, March 21, 23 and 30, 2017. The People called one witness, Heather Colton. The court allowed both sides time to submit written briefs at the conclusion of the hearing. The court received and reviewed both Attorney Narrow’s post hearing brief and the People’s closing argument.
The petition before the court is inextricably interwoven with a petition filed less than a year ago. In May of 2016, the People filed a similar request to have a special prosecutor appointed for each case the office had pending with Attorney Narrow as defense counsel. Attorney Narrow joined in the request. That matter was heard by Hon. John F. Richey and resulted in an opinion dated May 17, 2016.[3] (Matter of the Application for the Appointment of a Special Prosecutor Dated May 10, 2016, 52 Misc 3d 708 [2016].) Some allegations contained therein are also contained in the instant motion, and this court relies on the decision by Hon. John F. Richey with respect to those matters. Attorney Narrow includes additional information upon which to form his request at this time.
Attorney Narrow requests the appointment of a special prosecutor pursuant to County Law § 701 (1) alleging that the St. Lawrence County District Attorney has demonstrated a personal and professional bias toward Attorney Narrow, and the law firm of Dumas & Narrow, P.C., that disqualifies the District Attorney on all cases the firm has or will have in superior and justice courts. The People oppose the relief requested.
The court notes that the papers submitted by Attorney Narrow are flawed, most importantly, the caption. The case as captioned does not exist. County court, family court and local court defendants are listed in a single caption. Further, the *1102 identification of defendants is inconsistent. Some defendants are named and some are identified by number. At least 10 defendants are identified by both name and number. The court had to go to great lengths to determine in which court the matter was pending, and the status of each defendant. The court was unable to do so on 41 of the 55 identified matters. The court assumes these matters to be in local courts. Additionally, there are 40 defendants identified as John and Jane Doe.
The court addressed the 41 cases believed to be in local court with Attorney Narrow during oral argument on March 21st and expressed the issues with missing docket numbers, courts, and statuses. Attorney Narrow indicated he would provide the requested information by Friday, March 24, 2017. He failed to do so.
Petitions for a special prosecutor must be on a case-by-case basis and must demonstrate a need for disqualification on a particular case. The instant petition disregards the sound decision by the Honorable John F. Richey and seeks yet another blanket order covering multiple cases, despite the clear direction as outlined in the decision and required by County Law § 701. This court (Richey, J., presiding) previously stated:
“The denial of the general request to appoint a special prosecutor in all cases involving Attorney Narrow is without prejudice. It is clear that circumstances may arise in any individual case which require an application to be made to the court. Either party may renew their respective requests on a case by case basis, keeping in mind that any such request must fall within the standards delineated above, and be supported by a sound factual basis and appropriate documentation, if any.” (Matter of the Application for the Appointment of a Special Prosecutor Dated May 10, 2016, 52 Misc 3d 708, 721 [2016].)
Further, County Law § 701 (1) is clear that it applies:
“Whenever the district attorney of any county and such assistants as he or she may have shall not be in attendance at a term of any court of record, which he or she is by law required to attend, or are disqualified from acting in a particular case to discharge his or her duties at a term of any court” (emphasis added).
Attorney Narrow seeks the appointment of a special prosecutor on all matters in which he personally, or his firm, are cur *1103 rently involved, or will be involved, with the District Attorney as the adversary. At a minimum, he seeks a special prosecutor on the 96[4] captioned matters in a single petition. Attorney Narrow concedes on the record that County Law § 701 clearly states petitions should be on a case-by-case basis. (See Mar. 21, 2017 tr at 24.)
A district attorney in New York State is a duly elected constitutional officer chosen by the electorate. This court has grave reservations in removing a district attorney from any case, let alone 55 that are currently pending prosecution, as well as a number of anticipated future prosecutions. District attorneys need to be independent: free from political motivations, political consequences, public opinions, criticism by media, fear or favoritism. A core value of an independent prosecution is the reality that typically, absent criminal conduct by an elected district attorney, district attorneys in New York State answer to the voters every four years and no one else.
In People v Leahy (72 NY2d 510, 513-514 [1988]), the Court of Appeals dismissed an indictment
“to preserve the integrity of a statute designed narrowly by its terms and by its purpose to fill emergency gaps in an elected prosecutorial official’s responsibility. Authority in these circumstances to displace a duly elected District Attorney, an officer of the executive branch of government, with a substitute appointed by a Judge from another branch of government, is derived solely from County Law § 701. It explicitly limits the court’s appointing authority to ‘a particular case’ in which the duly elected District Attorney is unable or disqualified to act. This exceptional superseder authority should not be expansively interpreted.”
“County Law § 700 vests a district attorney with certain statutory duties including the duty ‘to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he or she shall have been elected or appointed’ ” (Matter of Soares v Herrick, 20 NY3d 139, 144 [2012], citing County Law § 700 [1]; Matter of Dondi v Jones, 40 NY2d 8 [1976]). “The courts, as a general rule, should remove a public prosecutor only to protect a defendant from actual prejudice *1104 arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence” (Matter of Schumer v Holtzman, 60 NY2d 46, 55 [1983]). In general, “[t]he objector should demonstrate actual prejudice or so substantial a risk thereof as could not be ignored” (id. at 55).
The court finds that Attorney Narrow has failed to demonstrate an actual prejudice arising from a conflict of interest between Attorney Narrow and the District Attorney for all but potentially one of the captioned cases. The court asked Attorney Narrow during oral argument if there are any captioned cases in which he believes his clients were unfairly targeted by the District Attorney’s Office. Attorney Narrow answered, “None that I’m aware, Your Honor.” (See Mar. 21, 2017 hearing tr at 13.) Attorney Narrow also conceded that for his clients awaiting sentencing, he does not think there has been any prejudice that has occurred based upon his current allegations of unfairness to his clients by the District Attorney’s Office (id. at 14).
Attorney Narrow has asked the court to decide the instant petition based upon the court’s reasoning in Adams. (People v Adams, 20 NY3d 608 [2013].)
“[I]n rare situations, the appearance of impropriety itself is a ground for disqualification, as our case law recognizes, when the appearance is such as to ‘discourage! ] public confidence in our government and the system of law to which it is dedicated’.... In a case of that nature, ‘[d]efendant[s], and indeed the public at large, are entitled to protection against the appearance of impropriety.’ ” (Adams at 612-613, citing People v Zimmer, 51 NY2d 390, 396 [1980], and People v Shinkle, 51 NY2d 417, 421 [1980].)
The People counter consenting that the circumstances before the court are unusual, “but Adams was unique as to the treatment of that particular defendant, and that is not what we are discussing here. We’re discussing ... a broad category of fifty cases.” (See Mar. 21, 2017 tr at 36.) The court agrees with the People, with one exception.
Attorney Narrow, through papers, witnesses, exhibits and questioning by the court, has been able to potentially demonstrate prejudice to one of the captioned defendants, Keith Shar-low. Former Town Judge Paul Lamson testified that an ex parte statement was made to him by the District Attorney prior to a *1105 preliminary hearing. Ex parte conversations are prohibited.[5] Ex parte statements, by their very nature, occur outside the presence of the defendant, outside the presence of counsel, and outside the presence of the public.
The former judge testified that the District Attorney told him, “I needed to rule in her favor, or some words to that effect, and keep the son of a bitch in jail.” (See Mar. 23, 2017 tr at 34.) The court credits this testimony, and the willingness of the District Attorney to make such an ex parte statement demonstrates a desire to undermine the criminal justice system, ultimately discouraging the confidence of the general public in our government and the system of law that serves it.
Regardless of whether the judge relied upon the ex parte statement, the court finds that in conjunction with the undisputed facts discussed prior, a special prosecutor should be appointed in Mr. Sharlow’s matters.[6] As stated in Shinkle, “Defendant [s], and indeed the public at large, are entitled to protection against the appearance of impropriety.” (Shinkle at 421.) Improper communication with a presiding judge prior to a hearing “discourage [s] public confidence in our government and the system of law to which it is dedicated.” (See Adams at 612.) The court is in no way indicating that an ex parte communication will always be a basis for appointment of a special prosecutor. However, in this matter, the totality of the circumstances support the relief requested.
While the court is constrained to deny Attorney Narrow’s request for all other captioned defendants at this time, such denial is without prejudice. The court notes that despite seeking the same relief nearly a year ago, the People oppose the application at this time. In any event, it is clear that there may be particular cases in the future that would warrant a new or renewed request, being mindful that the request must fall within the controlling statute, be complete and factually accurate upon filing, and be supported by appropriate documentation, if any.
*1106 The truly unique fact pattern here leads to the general premise that the public deserves to be protected against the appearance of impropriety.[7] However, as it stands before the court at this time, absent any clear legislative authority, the court is bound by the very narrow limitations of County Law §701. That does not mean that the court believes that prosecu-torial powers should be whisked away from elected district attorneys on a whim. It simply means that in this matter, at this time, where the court believes the facts are reaching critical mass, there should be a means to properly address it.[8]
The court has carefully reviewed all of the named captioned matters together with the matters listed by indictment or superior court information number. In addition to the reasons already stated herein, the court also denies the request for the appointment of a special prosecutor for the following reasons.
The court has no record for 41 of the identified defendants, although it is presumed the matters are in local courts throughout the county. Attorney Narrow was given the opportunity to provide the information requested by the court but *1107 he has failed to do so. Further, the captioned Family Court matter was never addressed. The court denies the request for a special prosecutor in these matters.[9]
The matter pending with defendant Gary Crosbie was closed prior to the filing of this petition. There has been a warrant issued for defendant Luke Hehir since 2014. The court deems the instant application premature. With respect to defendant Christopher Hayes, it appears he may have local court charges and a matter pending with regard to his pistol permit. The People do not participate in pistol permit hearings. Attorney Narrow failed to provide requested additional information. Therefore, the request for a special prosecutor for all of these matters is denied.
Attorney Narrow seeks a special prosecutor for Darren Baker, indictment No. 2015-035. Court records reflect this matter has been closed since April of 2016, and neither Attorney Narrow, nor his firm, represented the defendant. Also, Attorney Narrow seeks a special prosecutor on a matter not properly identified by indictment number.[10] Attorney Narrow further seeks a special prosecutor for defendant Shawn Sheridan, but that matter was assigned to a special prosecutor in May of 2016. The request for a special prosecutor in these matters is denied. The court also declines to grant the application with respect to all requests for John and Jane Doe matters.
Defendant Mary Jo Guyette is scheduled for conferences to ensure her compliance with orders of the court. The court denies the request for a special prosecutor in this matter. Further, defendant Larry Sanchez was sentenced on March 23, 2017, during the pendency of the current proceeding. As such, the court sees no need to appoint a special prosecutor at this time. The defendants’ motion is denied.
Attorney Narrow conceded that defendants awaiting sentencing do not need a special prosecutor appointed. Defendant *1108 Amjad Hussain is awaiting sentencing and is being prosecuted by the New York State Attorney General, not the St. Lawrence County District Attorney’s Office. Therefore, the request with respect to defendants Amjad Hussain and Marco Parisi is denied.
With respect to the remaining captioned cases whereby the court had enough information to make an informed decision, the court declines to appoint a special prosecutor.
There being no other issues appearing before the court at this time, and for the reasons stated herein, it is hereby ordered that the petition to appoint a special prosecutor be, and hereby is, granted in part, and the court hereby appoints a special prosecutor in the matters involving defendant Keith Sharlow, indictment Nos. 2016-132 and 2017-013; and it is further ordered that the petition seeking a special prosecutor in all other matters be, and hereby is, denied, without prejudice.

. There are 52 named defendants and 13 defendants identified by indictment or superior court information number. However, a close review of all revealed that 10 of the numbers matched named defendants leaving a total of 55 identified criminal defendants.

. The court is cognizant of the potential expense to the county should the petition be granted given the extensive practice of Attorney Narrow and his law firm in St. Lawrence County.

. Pursuant to a change in the 2016 annual order for the Fourth Judicial District, Hon. John F. Richey was assigned to hear all special prosecutor requests in St. Lawrence County at the time the People filed their petitions for a special prosecutor. The Honorable Derek P. Champagne is currently assigned to these matters pursuant to the 2017 annual order for the Fourth Judicial District.

. The court includes the 55 identified defendants, the 40 John and Jane Doe matters, and the Department of Social Services matter in the total of captioned matters.

. The court notes that there may be times that ex parte communication is allowed, but in the context of this matter, such communication is prohibited.

. Defendant Sharlow has two matters pending at this time. The first matter was scheduled for trial in March of 2017, but was adjourned for the instant proceeding. The second matter is based upon similar allegations with the same victim and there is a motion to consolidate the indictments, which was also stayed pending the outcome of the instant proceeding.

. The court is aware that there are the two separate resolutions passed by the St. Lawrence County Board of Legislators. The first is Resolution No. 140-2016, adopted April 25, 2016, declaring no confidence in St. Lawrence County District Attorney Mary E. Rain and calling upon the State of New York to initiate an investigation for the potential removal of the District Attorney by the Governor of the State of New York. The second is Resolution No. 366-2016, adopted December 5, 2016, calling upon District Attorney Mary E. Rain to resign her position as the St. Lawrence County District Attorney and reiterating the call upon the Governor of the State of New York to initiate an investigation for the possible removal of the District Attorney.

. The two resolutions combined with the sworn testimony of former Chief Assistant District Attorney Cositore that “she (District Attorney Rain) refused to turn over any information to Mr. Miles, and I had no other choice but to advise Mr. Miles (the special prosecutor appointed by Judge Richey) by phone that I’ve been ordered not to turn over evidence in our possession” indeed strike at the heart of the public having confidence in our criminal justice system. When a court assigns a special prosecutor to investigate a matter and there is a deliberate action to interfere with that assignment or investigation, how can the public confidence in our system not become further eroded? This court, while gravely concerned about the testimony of the former Chief Assistant District Attorney, must clearly recognize basic separation of powers. Abby L. Dennis wrote in 2007 in the Duke Law Journal, “Enhanced use of special prosecutors, appointed by independent executive officials, provides a means of curbing errant prosecutors and restoring public confidence in the criminal justice system” (Abby L. Dennis, Note, Reining in the Minister of Justice: Prosecutorial Oversight and the Superseder Power, 57 Duke LJ 131, 162 [2007]). The court leaves to those duly elected officials the determination of whether these unique circumstances warrant the relief requested by the St. Lawrence County Board of Legislators.

. These matters include the following defendants: David Beaulieu, Jake A. Bercume, Stephanie Boyea, Brandi Clary, Justin Crump, Brett Davis, Allan Dennis, Lisa Dillion, Jennifer Dishaw, Derrick Erwin, Jennifer Fields, Michael Gleason, Matthew Green, Andrew Guimond, Christopher Hayes, Jared Johnston, Kristen Johnson, Curtis Lalonde, Dean Lamphere, Jr., Bruce Larock, Chad Leiby, Keith Leonard, Russell Matoes, Ross McNamara, Rebecca Mills, Joseph Myers, Corey Page, Bradley Peacock, Bradley Premo, Jon Rabideau, George Ruddy, Breonna Storie, Daren Strader, Andrew Ter-riah, Donald Tresohlavy, Daniel Tyo, Bobbie Watson, Steven Wells, Michael Whitman, and St. Lawrence County Dept, of Social Servs. v LaPlant.

. Indictment No. 2015-20 does not exist.