OPINION OF THE COURT
Bellacosa, J.
A Special District Attorney, appointed to investigate and prosecute "a particular case” in Nassau County pursuant to County Law § 701, presented evidence to a Grand Jury and secured an indictment against appellant Leahy, who was not among the five specifically named persons in the appointing order. The Nassau County Court dismissed the indictment as *512 beyond the authority of the special prosecutor. The Appellate Division reversed and reinstated it. Inasmuch as we agree with the County Court that County Law § 701 limits a Special District Attorney’s authority to the "particular case”, we reverse and dismiss this indictment.
On August 11, 1985, at about 1:00 a.m., appellant Leahy, an off-duty Housing Authority police officer, was allegedly beaten in front of his home in Levittown, Nassau County, by five persons. The assault caused Leahy to be hospitalized for an extended period of time with serious injuries. The five alleged perpetrators were arrested and charged that morning on felony complaints. Before the case against them was presented to the Grand Jury, an attorney who had represented one of them became an assistant prosecutor with the Nassau County District Attorney’s office. To avoid any conflict of interest, the elected District Attorney sought a judicial substitution, pursuant to County Law § 701, for a Special District Attorney to prosecute the five charged assailants.
County Law § 701 provides in relevant part: "Whenever the district attorney of any county * * * is disqualified from acting in a particular case to discharge his duties at a term of any court, a superior criminal court in the county wherein the action is triable may, by order appoint some attorney at law * * * to act as special district attorney * * * Where, however, an appointment is required under this section for a particular case because of the disqualification of the district attorney, the appointment may be made for all purposes, including disposition” (emphasis added).
On March 3, 1986, Justice McGinity appointed Charles Singer "as a special district attorney for all purposes, including disposition, of the above-entitled case” of "People of the State of New York v Alexander Coules, Joseph Guiliani, Damon Hewlette, William Salvato and Robert Zambardi”. Singer’s investigation unearthed that just prior to Leahy’s beating, Leahy himself had allegedly, without justification, drawn and discharged a loaded weapon. Prior to presentation of evidence to the Grand Jury, Singer advised Leahy’s counsel that his client might be a target of the upcoming Grand Jury inquiry, and that if Leahy were to testify before the Grand Jury, there would be no immunity from prosecution. Leahy did not testify.
On April 15 the Grand Jury returned two separate indictments. The first charged defendant Hewlette with assault, *513 second degree; 3 of the other 4 defendants named in the original felony complaint with assault, third degree; and the fifth was exonerated entirely. The second indictment, at issue here, charged Leahy with reckless endangerment, second degree, as a misdemeanor.
After the indictment against Leahy was returned, the elected District Attorney sought, by formal application, the appointment of Singer as Special District Attorney in the case of People v Leahy. District Attorney Dillon averred that "Mr. Singer is not authorized to act as Special Prosecutor regarding this defendant * * * [and] it would be prudent to extend his authority to include his prosecution of the captioned case" (emphasis added). While this new appointment application was still pending, Singer signed Leahy’s indictment.
Fifteen days after the indictment against Leahy was returned, Justice McGinity, acting on the District Attorney’s application, signed a new order appointing Singer as Special District Attorney in the "above-entitled” case of "People v Thomas Leahy". It did not recite that it validated the indictment, or that it was effective nunc pro tunc, or that it had anything but prospective validity.
The crux of appellant Leahy’s argument is that at the times the evidence was presented to the Grand Jury and the indictment against him was voted and returned, Singer had no authority as to him because Singer’s authority as special prosecutor was restricted by County Law § 701 to investigate and prosecute only the five defendants captioned in the "particular case” of the original order.
The respondent Special District Attorney counters that the original appointing order should be viewed broadly, and that his authority to supplant the elected District Attorney extended to an investigation of and prosecution of all criminal acts arising out of the incident.
The indictment must be dismissed to preserve the integrity of a statute designed narrowly by its terms and by its purpose to fill emergency gaps in an elected prosecutorial official’s responsibility. Authority in these circumstances to displace a duly elected District Attorney, an officer of the executive branch of government, with a substitute appointed by a Judge from another branch of government, is derived solely from County Law § 701. It explicitly limits the court’s appointing authority to "a particular case” in which the duly elected District Attorney is unable or disqualified to act. This excep *514 tional superseder authority should not be expansively interpreted. The original appointing order fully complied with this statutory prerequisite by specifically referencing the appointment to the "above-entitled case” of People v Coules, Guiliani, Hewlette, Salvato and Zambardi. To allow the Special District Attorney to investigate and prosecute another or other cases arising out of an incident would violate the statute and the order of appointment and would change the character of the statutory limitation on this extraordinary authority.
The special prosecutor argues for a more generous interpretation of his power based on the 1974 amendment to County Law § 701, which allows the Special District Attorney to act "for all purposes, including disposition”, and based on an analogy to appointments made pursuant to section 63 (2) of the Executive Law and our cases construing that provision. Neither source makes the case.
First, the legislative history of the 1974 amendment reveals that the language "for all purposes, including disposition” was intended to expand the duration of the appointment and not the scope of the appointee’s authority. Prior to 1974, a Special District Attorney could be appointed only for the term of court at which the appointment was made, making it often necessary to make another appointment when the "particular case” for which the appointment was made extended beyond the court’s term. The amendment allows an "appointment to be made for all purposes and continue through the entire proceeding, thereby obviating the necessity of having more than one Special District Attorney appointed in a single case” (see, Sponsor’s Mem, Assemblyman Ross, Apr. 4, 1974, Governor’s Bill Jacket, L 1974, ch 456 [emphasis added]). Respondent’s argument that the amending words of the statute support his authority cannot prevail because such an interpretation would render as mere surplusage the core unchanged authorization of the statute for a "particular case”. Finally in this respect, we disagree with the Appellate Division’s assertion that a "hypertechnical” reading of the appointing order would serve no purpose, because a very important purpose is served by adhering to the plain language of the statute and to its exceptional function of displacing an elected constitutional officer.
Respondent’s argument by analogy to the Executive Law provision is equally unavailing. First of all, Executive Law § 63 (2), unlike County Law § 701 at issue here, does not *515 restrict the Governor’s appointment of the Attorney-General to a "particular case”. Next, section 63 (2) allows the Governor to define the scope of the Special Deputy Attorney-General’s authority in the executive order. Also, the substituted officer is another elected State-wide official, the Attorney-General of the State or a deputy. Lastly, when an appointment is made under section 63 (2), the whole dynamic is played out within the executive branch. In contrast, appointments made pursuant to County Law § 701 come from another branch of government, the judicial branch, and the statute itself expressly limits the scope of the court’s appointive power to "a particular case”. The County Law appointee is also ordinarily a private attorney. For these reasons, respondent’s reliance on Matter of Additional Jan. 1979 Grand Jury v Doe (50 NY2d 14) is misplaced because Doe involved a section 63 (2) appointment.
Matter of Board of Supervisors v Aulisi (62 AD2d 644, affd 46 NY2d 731) nicely illustrates the distinction between the two superseder sources. There, the Montgomery County District Attorney obtained a court order appointing a Special District Attorney to investigate gambling and official corruption in the City of Amsterdam. The District Attorney’s request sprang from a State Commission on Investigation report critical of the District Attorney’s handling of gambling activities in the county. The appointment was challenged by the County Board of Supervisors, which contended that a Special District Attorney could not be appointed to supersede the District Attorney where no "particular case” was pending. The Appellate Division voided the appointment. We affirmed for the reasons stated in the Appellate Division’s opinion, with the additional comment that while the election of a new District Attorney in the interim may have mooted "the necessity for displacing the regularly elected District Attorney * * * [sjhould the problem * * * recur, recourse * * * may be had to the Governor * * * in accordance with his powers under the State Constitution (art XIII, § 13) and subdivision 2 of section 63 of the Executive Law” (46 NY2d 731, 733, supra).
Even more cogently, our holding also comports with an undeviating line of decisions fastidiously circumscribing superseders or transfers of the authority of elected prosecutors in a wide variety of situations (Matter of Schumer v Holtzman, 60 NY2d 46; Matter of B. T. Prods. v Barr, 44 NY2d 226; Matter of Dondi v Jones, 40 NY2d 8; see also, Della Pietra v State of New York, 71 NY2d 792, 796-797).
*516 Very simply, reversal is required in this case because the plain wording of County Law § 701 requires that a judicial appointment of a Special District Attorney be limited to a "particular case”. Special District Attorney Singer, at the times he presented evidence to the Grand Jury and obtained the indictment in this case against Leahy, acted ultra vires to the "particular case” for which he was appointed. Even the elected District Attorney, whom Singer presumed to displace in this respect, expressly acknowledged Singer’s lack of authority by swearing to that effect in the ensuing application to garner for Singer that very authority. Finally, the practicalities all weigh in favor of taut interpretation of this statute and the original appointment order, for this special prosecutor had no lack of remedy. He was given a judicial authorization for re-presentation to a Grand Jury of this "particular case” with respect to which he was also, by then, given apparently unchallengeable authority under the supplemental appointing order. That was in early 1986. While we do not question respondent’s right to have his original limited authority settled finally by the appellate courts, it is dismaying, in view of those subsequent authorizations, that this aging case from 1985 is back to square one.
Accordingly, the order of the Appellate Division should be reversed and the order of Nassau County Court dismissing the indictment reinstated.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Hancock, Jr., concur.
Order reversed and the order of Nassau County Court reinstated.