[15 NE3d 1181, 992 NYS2d 172]

In the Matter of WORKING FAMILIES PARTY, Appellant, v FERN
A. FISHER, Deputy Chief Administrative Judge for New York
City Courts, et al., Respondents.

Argued April 29, 2014; decided June 10, 2014

540

## POINTS OF COUNSEL

*Dentons US LLP*, New York City (*Avi Schick, Richard M. Zuckerman* and *Kiran Patel* of counsel), for appellant. I. CPLR article 78 relief is available to challenge a judicial order appointing a special district attorney. (*Matter of Soares v Herrick*, 20 NY3d 139; *Matter of Schumer v Holtzman*, 60 NY2d 46; *Matter of Association of Secretaries to Justices of Supreme & Surrogate's Cts. in City of N.Y. v Office of Ct. Admin. of State of N.Y.*, 75 NY2d 460; *Babigan v Wachtler*, 133 Misc 2d 111, 126 AD2d 445, 69 NY2d 1012; *Matter of McGinley v Hynes*, 51 NY2d 116.) II. The disqualification standard established by County Law § 701 and this Court's prior decisions requires a showing of actual prejudice based on a demonstrated conflict of interest and applies when the district attorney is the party seeking his own disqualification. (*Matter of Schumer v Holtzman*, 94 AD2d 516, 60 NY2d 46; *People v Keeton*, 74 NY2d 903; *People v Herr*, 86 NY2d 638; *Matter of Soares v Herrick*, 20 NY3d 139; *People v Adams*, 20 NY3d 608; *People v Cruz*, 60 AD2d 872; *Matter of Fox v Shapiro*, 84 Misc 2d 223; *People v Shinkle*, 51 NY2d 417; *People v Loewinger*, 37 AD2d 675, 30 NY2d 587; *United States v Goot*, 894 F2d 231.) III. The order also conflicts with the additional requirements established by County Law § 701. (*People v Anonymous*, 126 Misc 2d 673; *People v Davis*, 100 AD2d 747; *Matter of Dwyer v Evans*, 107 Misc 2d 484; *Matter of Crandall v Harrigan*, 183 AD2d 1009; *People v Leahy*, 72 NY2d 510; *Matter of Rice*, 31 Misc 3d 838; *Matter of Board of Supervisors of Montgomery County v Aulisi*, 62 AD2d 644, 46 NY2d 731.)

*John W. McConnell, New York State Office of Court Administration*, New York City (*Lee Alan Adlerstein* and *Antonio Galvao* of counsel), for Fern A. Fisher and another, respondents. I. The

Appellate Division was correct in ruling that CPLR article 78 relief is not available to disturb the subpoenas because their issuance was part of Special District Attorney Adler's executive investigative duties. (*Matter of Suffolk County Legislature v Mullen*, 211 AD2d 736; *Matter of McGinley v Hynes*, 51 NY2d 116; *Matter of Brunswick Hosp. Ctr. v Hynes*, 52 NY2d 333; *Matter of Rushmore v Lipson*, 45 Misc 2d 487; *Matter of Schumer v Holtzman*, 94 AD2d 516, 60 NY2d 46; *Matter of Pirro v Angiolillo*, 89 NY2d 351; *Matter of Rush v Mordue*, 68 NY2d 348; *Matter of Nicholson v State Commn. on Jud. Conduct*, 50 NY2d 597; *Matter of Lee v County Ct. of Erie County*, 27 NY2d 432; *Matter of Molea v Marasco*, 64 NY2d 718.) II. By any standard, District Attorney Donovan's self-disqualification was appropriate and provides no grounds—and certainly no clear legal right—for vacatur of the special district attorney appointment order. (*People v Schrager*, 74 Misc 2d 833; *People v Anonymous*, 126 Misc 2d 673; *People v Zimmer*, 51 NY2d 390; *People v Adams*, 20 NY3d 608; *Matter of Soares v Herrick*, 20 NY3d 139; *Matter of Town of Huntington v New York State Div. of Human Rights*, 82 NY2d 783; *Matter of McNamara v Tormey*, 42 AD3d 971.) III. The January 2012 order fully complied with County Law § 701. (*People v Correa*, 15 NY3d 213; *Kagen v Kagen*, 21 NY2d 532; *People v Darling*, 50 AD2d 1038; *Misicki v Caradonna*, 12 NY3d 511; *Matter of Suffolk County Legislature v Mullen*, 211 AD2d 736; *Matter of Morgenthau v Cooke*, 56 NY2d 24; *People v Leahy*, 72 NY2d 510; *Matter of Board of Supervisors of Montgomery County v Aulisi*, 62 AD2d 644, 46 NY2d 731; *Matter of Rice*, 31 Misc 3d 838; *Matter of McGinley v Hynes*, 51 NY2d 116.)

*Daniel M. Donovan, Jr.*, Staten Island, pro se, and *Morrie I. Kleinbart*, for Daniel M. Donovan, Jr., respondent. A district attorney's discretionary decision to recuse himself in a particular case is not amenable to review by CPLR article 78. (*Matter of Dondi v Jones*, 40 NY2d 8; *Matter of McGinley v Hynes*, 51 NY2d 116; *People v Leahy*, 72 NY2d 510; *Matter of Grady*, 138 Misc 2d 983; *People v Schrager*, 74 Misc 2d 833; *Matter of Rice*, 31 Misc 3d 838; *Matter of Soares v Herrick*, 20 NY3d 139; *People v Shinkle*, 51 NY2d 417; *People v Adams*, 20 NY3d 608; *People v Nelson*, 167 Misc 2d 665.)

*Wendy Evans Lehmann, New York Prosecutors' Training Institute*, Albany, and *Kathleen M. Rice, District Attorney*, Albany, for District Attorneys Association of the State of New York, amicus curiae. Prohibition does not lie to challenge an elected district

attorney's decision to seek recusal due to a conflict of interest or a court's resulting appointment of a special district attorney. (*Matter of Schumer v Holtzman*, 60 NY2d 46; *Matter of Soares v Herrick*, 20 NY3d 139; *Matter of Morgenthau v Erlbaum*, 59 NY2d 143; *Matter of Pirro v Angiolillo*, 89 NY2d 351; *Matter of Holtzman v Goldman*, 71 NY2d 564; *Matter of Rush v Mordue*, 68 NY2d 348; *Matter of Mulvaney v Dubin*, 55 NY2d 668; *La Rocca v Lane*, 37 NY2d 575; *Matter of Rice*, 31 Misc 3d 838; *Matter of Dondi v Jones*, 40 NY2d 8.)

### OPINION OF THE COURT

Per Curiam.

This CPLR article 78 proceeding in the nature of prohibition was brought to challenge an order relieving a district attorney at his own request, and appointing a special district attorney to conduct an investigation in his place. The Appellate Division dismissed the proceeding on the ground that prohibition was not an appropriate remedy. We disagree and reach the merits of the case, but we affirm the Appellate Division's dismissal because we hold that the special prosecutor was validly appointed.

I

Daniel Donovan, the District Attorney of Richmond County, applied to the Deputy Chief Administrative Judge for the New York City Courts (DCAJ) for an order relieving him and his assistants, and appointing a special district attorney, in what he described as "a case involving possible violations" of Election Law § 14-126 and other provisions of law "in connection with a 2009 City Council election on Staten Island." An affirmation containing the facts that Donovan thought warranted this action was submitted under seal. The DCAJ granted the application and appointed Roger Bennet Adler as special district attorney.

Approximately a year later, Adler issued grand jury subpoenas to two officials of the Working Families Party (petitioner in this case), and to an entity known as Citizen Action of New York. Petitioner brought this proceeding against the DCAJ, seeking to vacate Adler's appointment, quash the subpoenas and unseal Donovan's application and the documents supporting it. It seems, though the record is surprisingly unclear, that Donovan and Adler were also made parties to the proceeding; Donovan has participated as a party, but Adler has not. Donovan, with

the permission of the Appellate Division, submitted opposition papers to that court under seal and served on petitioner only a copy of his Appellate Division brief from which the facts were largely redacted.

The Appellate Division denied the petition and dismissed the proceeding. It held that relief by prohibition was unavailable because the conduct that petitioner was seeking to prevent was not "the quasi-judicial act of representing the State in its efforts to bring individuals accused of crimes to justice" but rather a "purely investigative function" that was "executive in nature" (*Matter of Working Families Party v Fisher*, 109 AD3d 478, 480 [2d Dept 2013]).

We granted leave to appeal (22 NY3d 855 [2013]). After we did so, Donovan moved in this Court to proceed as he had in the Appellate Division, by filing a brief under seal and serving a redacted copy of the brief on petitioner. We denied the motion (2014 NY Slip Op 64560 [2014]). Donovan then chose to file a brief from which substantially all of the facts that formed the basis of his application for a special prosecutor were omitted. Those facts are, however, in the record before us, which remains under seal. Petitioner has not moved here, as it did in the Appellate Division, for unsealing.

We now affirm the Appellate Division's judgment, though on grounds different from those the Appellate Division relied on.

## II

■ The Appellate Division erred in holding that an article 78 proceeding in the nature of prohibition is an inappropriate remedy in this case. We recently restated the rule that "prohibition is an appropriate remedy to void the improper appointment of a [special] prosecutor when made by a court" (*Matter of Soares v Herrick*, 20 NY3d 139, 145 [2012], quoting *Matter of Schumer v Holtzman*, 60 NY2d 46, 54 [1983] [insertion by *Soares* court]). While the power to grant prohibition should be exercised sparingly, its availability in cases like this serves an important purpose. When the validity of the appointment of a prosecutor is in question, the question should where possible be given a prompt and definitive answer. It is not in the public interest to allow a prosecutor to carry out a lengthy investigation when there is doubt that his or her appointment is valid, and to run the risk that the process will have to start all over again with a different prosecutor.

This case illustrates the point. Adler was appointed in 2012 to investigate events occurring in 2009. If the validity of his

appointment is not decided now, his investigation may continue for many more months or years under a cloud that will not be removed until or unless he obtains an indictment, and the person indicted moves to dismiss it on the ground that Adler was never validly appointed. That would be at best wasteful, and at worst could result in the inability, for statute of limitations or other reasons, to prosecute cases that should be prosecuted.

The Appellate Division based its conclusion that prohibition was inappropriate here on our decision in *Matter of McGinley v Hynes* (51 NY2d 116 [1980], *cert denied* 450 US 918 [1981]). But *McGinley* did not involve a challenge to the validity of the appointment of a special prosecutor. It was brought to prevent a validly appointed special prosecutor from submitting additional evidence to a grand jury without court permission. We held prohibition unavailable, but specifically limited our holding to a case in which "there is no claim that the subject matter of [the special prosecutor's] investigation is beyond the scope of his prosecutorial authority" (*id.* at 119).

Here, petitioner's claim is that Adler has no valid "prosecutorial authority" at all. This proceeding is a proper vehicle for deciding the merits of that claim.

## III

County Law § 701 (1) says, in relevant part:

> "Whenever the district attorney of any county and such assistants as he or she may have . . . are disqualified from acting in a particular case to discharge his or her duties at a term of any court, a superior criminal court in the county wherein the action is triable may, by order:

> "(a) appoint some attorney at law having an office in or residing in the county, or any adjoining county, to act as special district attorney during the absence, inability or disqualification of the district attorney and such assistants as he or she may have."

The principal question in this appeal is whether Donovan and his subordinates in the Richmond County District Attorney's office are "disqualified from acting," within the meaning of this statute, in the matter that Adler was appointed to investigate.

While we have several times considered cases in which parties adverse to a district attorney have argued that he or his office

should be disqualified (*see People v Adams*, 20 NY3d 608 [2013]; *Soares*, 20 NY3d 139; *People v Shinkle*, 51 NY2d 417 [1980]; *People v Zimmer*, 51 NY2d 390 [1980]), this case is apparently the first we have confronted in which a district attorney sought his or her own disqualification (*cf. Matter of Schumer v Holtzman*, 60 NY2d at 49 [district attorney sought to appoint a "special prosecutor" by written agreement; adverse party sought to disqualify the district attorney]). The parties before us take opposite positions as to the standard to be applied in deciding such a case. Petitioner, arguing that Donovan is not disqualified, says that we should adhere to the demanding standard used in cases where disqualification is sought by an adverse party. In such a case, the general rule requires a showing of "actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (*Adams*, 20 NY3d at 612, quoting *Schumer*, 60 NY2d at 55), though "in rare situations, the appearance of impropriety itself is a ground for disqualification" (*id.*). Donovan, by contrast, argues in substance that a district attorney and his office are "disqualified" if the district attorney himself so decides. A district attorney's decision to recuse himself should, in Donovan's view, be unreviewable.

We reject both of these arguments. To allow a district attorney to disqualify himself and his office in his sole discretion would value too lightly the public interest in having prosecutorial duties performed, where possible, by the "constitutional officer chosen by the electorate" (*Schumer*, 60 NY2d at 55). But the standards that apply in cases where a district attorney opposes his own disqualification and those in which he seeks it are not the same. Where there is legitimate doubt as to whether a district attorney and his office may proceed with a case, the district attorney is not barred from resolving that doubt by choosing to step aside. We have already mentioned that it is desirable for all concerned to know, as promptly as possible, whether the person investigating or prosecuting a case is lawfully entitled to do so. That interest is served by allowing a district attorney who has ground for thinking that he and his office may be disqualified to seek the appointment of a special prosecutor. Thus we agree with the court in *People v Schrager* (74 Misc 2d 833, 834 [Sup Ct, Queens County 1973]) that a district attorney seeking to disqualify himself or herself may do so upon "a good faith application containing the reasonable grounds for his belief that he is so disqualified."

Upon examination of the record (which, with the acquiescence of all parties, remains sealed) we are satisfied that Donovan had a good faith, reasonable basis for his view that he is disqualified from pursuing the investigation within the meaning of County Law § 701 (1).

## IV

Petitioner also argues that Adler's appointment should be set aside because the proper procedures were not followed in making that appointment. While the procedure was flawed, we do not find that the flaws warrant nullifying the appointment.

Section 200.15 of the Uniform Rules for the New York State Trial Courts (22 NYCRR) says:

> "Any party filing with a superior court an application for appointment of a special district attorney, pursuant to section 701 of the County Law, shall make the application to the Chief Administrator of the Courts. The Chief Administrator, in consultation and agreement with the Presiding Justice of the appropriate Appellate Division, then shall designate a superior court judge to consider the application as provided by law."

It is not contested that, under this rule, Donovan properly applied to the DCAJ for appointment of a special district attorney (*see* Judiciary Law § 210 [3]; 22 NYCRR 80.1 [b] [4]; 80.2 [a]). Petitioner argues, however, that the rule does not empower the DCAJ simply to appoint the special prosecutor herself, as she did here. Rather, she must, after "consultation and agreement with" the Presiding Justice, appoint "a superior court judge to consider the application." The DCAJ responds that she complied with the rule by in effect appointing herself, an elected Supreme Court Justice and thus "a superior court judge," to decide whether to appoint a special prosecutor and whom to appoint.

We agree with petitioner that the rule should have been—as we trust in future cases it will be—more meticulously followed. While the DCAJ was free to appoint herself, she should have documented in a separate order the fact that she did so, not simply proceeded to the appointment of Adler as Special Prosecutor. She should also have consulted with, and obtained the approval of, the Presiding Justice of the Appellate Division, and should have recited in her order that she had done so.

We do not believe, however, that these irregularities justify nullifying Adler's appointment and creating the undesirable

situation, of which we have already spoken twice in this opinion, of an investigation that goes on for years and then is forced to return to square one. Neither petitioner nor anyone else could possibly claim to be prejudiced by the fact that the DCAJ signed one document when she should have signed two. Nor does the absence of any record of the consultation and agreement with the Presiding Justice seem a major defect here. The apparent purpose of requiring such consultation is to be sure that the judge chosen by the DCAJ is, in the opinion of the Presiding Justice, available and suitable for the task. In a case where the DCAJ chooses to appoint herself, consultation with the Presiding Justice may be of secondary importance.

Accordingly, the judgment of the Appellate Division should be affirmed, with costs.

Judges GRAFFEO, READ, SMITH, PIGOTT, RIVERA and ABDUS-SALAAM concur; Chief Judge LIPPMAN taking no part.

Judgment affirmed, with costs.