Matter of Pinney v Van Houten (2019 NY Slip Op 00509)





Matter of Pinney v Van Houten


2019 NY Slip Op 00509


Decided on January 24, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 24, 2019

526531

[*1]In the Matter of MATTHEW PINNEY, Petitioner,
v
MATTHEW VAN HOUTEN, as District Attorney of Tompkins County, et al., Respondents, et al., Respondents.

Calendar Date: December 12, 2018

Before: Lynch, J.P., Clark, Mulvey, Devine and Rumsey, JJ.


Edward E. Kopko, Lawyer, PC, Ithaca (Edward E. Kopko of counsel), for petitioner.
Matthew Van Houten, District Attorney, Ithaca, respondent pro se.
Joseph G. Fazzary, District Attorney, Watkins Glen (Hannah E.C. Moore, New York Prosecutors Training Institute, Inc., Albany, of counsel), for Joseph G. Fazzary, respondent.



MEMORANDUM AND JUDGMENT
Rumsey, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to CPLR 506 [b] [1]) to prohibit respondent Special District Attorney from prosecuting a criminal case against petitioner.
In October 2017, respondent Matthew Van Houten, the District Attorney of Tompkins County (hereinafter the District Attorney), met with an individual who alleged that she had been sexually assaulted by Scott Walters, who was then a Deputy Sheriff employed by the Tompkins County Sheriff's Department. Subsequently, the District Attorney filed a motion in County Court, under seal, seeking an order appointing a special district attorney due to an alleged conflict of interest created by the close working relationship that existed between the District Attorney's office and the Sheriff's Department and Walters' status as a law enforcement officer who regularly made arrests that resulted in charges prosecuted by the District Attorney's office. Respondent Joseph R. Cassidy, a County Judge of Tompkins County, granted the motion and appointed respondent Joseph G. Fazzary (hereinafter the Special District Attorney), the District Attorney of Schuyler County, to investigate and, if warranted, prosecute the alleged criminal conduct of Walters.
Subsequently, the Special District Attorney wrote to Judge Cassidy requesting that his authority be expanded to include investigation and, if warranted, prosecution of petitioner on the basis that his investigation had revealed that petitioner may have participated in the alleged crimes. Judge Cassidy granted the request and issued an order permitting the Special District [*2]Attorney to investigate and prosecute Walters and any other individual who may have committed any criminal offenses against the complainant, including petitioner. On December 7, 2017, petitioner was charged by sealed indictment with the crime of rape in the first degree, and the criminal action is pending before respondent John C. Rowley, a County Judge of Tompkins County. On April 13, 2018, petitioner commenced this proceeding in this Court pursuant to CPLR article 78 to prohibit prosecution of the criminal action against him alleging that Judge Cassidy erred by appointing the Special District Attorney and by expanding his authority to permit investigation and prosecution of petitioner.
The District Attorney and the Special District Attorney (hereinafter collectively referred to as respondents) first contend that this proceeding is untimely [FN1]. A CPLR article 78 proceeding seeking a writ of prohibition "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]; see Matter of Smith v Brown, 24 NY3d 981, 983 [2014]; Matter of Working Families Party v Fisher, 109 AD3d 478, 479 [2013], affd on other grounds 23 NY3d 539 [2014]). "A determination generally becomes binding when the aggrieved party is notified, and the burden is on the party asserting the statute of limitations defense to establish that the petitioner was provided notice of the determination more than four months before the proceeding was commenced" (Matter of Colavito v New York State Comptroller, 130 AD3d 1221, 1222 [2015] [internal quotation marks and citations omitted]). Respondents failed to meet that burden.
The proceeding was commenced when the petition was filed on April 13, 2018 (see CPLR 304 [a]). Although the order expanding the scope of the Special District Attorney's authority to include investigation and prosecution of petitioner and the resulting sealed indictment were both issued more than four months prior to commencement of this proceeding, respondents submitted no proof establishing that petitioner was arraigned or was otherwise notified that he was subject to prosecution by the Special District Attorney more than four months prior to commencement. Respondents' argument that a writ of prohibition is not an appropriate remedy in this case is similarly unavailing, for the Court of Appeals has held "that prohibition is an appropriate remedy to void the improper appointment of a special prosecutor when made by a court" (Matter of Working Families Party v Fisher, 23 NY3d 539, 544 [2014] [internal quotation marks, brackets and citations omitted]).
Turning to the merits, a court may appoint a special district attorney when a district attorney and his or her assistants are disqualified from acting in a particular case (see County Law § 701 [1]). The Court of Appeals has established the standards applicable to a determination of whether a district attorney is disqualified, which turn on whether disqualification is sought by the district attorney or a party adverse to him or her. When a party adverse to the district attorney seeks appointment of a special district attorney, the long-established "general rule requires a showing of actual prejudice arising from a demonstrated conflict of interest or a substantial risk of an abuse of confidence" (Matter of Working Families Party v Fisher, 23 NY3d at 546 [internal quotation marks and citations omitted]). By contrast, a district attorney who seeks the appointment of a special prosecutor need not show an actual conflict of interest; rather, the Court of Appeals has held that "[w] here there is legitimate doubt as to whether a district attorney and his [or her] office may proceed with a case, the district attorney is not barred from resolving that doubt by choosing to step aside . . . upon a good faith application containing the reasonable grounds for his [or her] belief that he [or she] is so disqualified" (id. [internal quotation marks and citation omitted]).[FN2]
In the affirmation that he filed in support of the motion seeking appointment of a special district attorney, the District Attorney did not identify either the victim or the alleged perpetrator; he averred only that there was a working relationship between his office and the office that employed the alleged perpetrator. In an affirmation dated subsequent to commencement of this proceeding, the District Attorney explained that, after the motion was filed, he supplemented the information contained in his original affirmation by meeting with Judge Cassidy's law clerk and providing additional information for Judge Cassidy's consideration [FN3]. Without identifying either the victim or Walters by name, the District Attorney disclosed that Walters was employed as a Deputy Sheriff in Tompkins County who regularly worked with the District Attorney's office in prosecuting cases arising from arrests that Walters made in Tompkins County and, in fact, that the District Attorney's office was then actively prosecuting cases arising from arrests made by Walters. The District Attorney also disclosed to Judge Cassidy that Walters' girlfriend was employed as a State Trooper and that she also regularly worked closely with the District Attorney's office to prosecute criminal cases arising from arrests that she made within Tompkins County. The District Attorney explained that he sought appointment of a special district attorney to avoid the possible public perception that his office would not accord Walters the same treatment as a member of the public in light of Walters' status as a law enforcement officer and the close working relationship that existed between the District Attorney's office and two separate law enforcement agencies — the Tompkins County Sheriff's Department and the State Police.
A district attorney is an elected officer charged by statute with the duty to prosecute all crimes and offenses arising within his or her jurisdiction (see Matter of Soares v Herrick, 20 NY3d 139, 144 [2012]). These responsibilities must "be conducted in a manner that foster[s] rather than discourage[s] public confidence in our government and the system of law to which it is dedicated" (People v Zimmer, 51 NY2d 390, 396 [1980]). The appearance of impropriety that could arise from the public perception that a district attorney will investigate or prosecute an individual in a selective manner discourages public confidence in a fundamental governmental function and, therefore, affords a sufficient basis for a district attorney to recuse himself or herself (see id.; People v Martin, 266 AD2d 921, 921 [1999], lv denied 94 NY2d 922 [2000]; People v Baker, 99 AD2d 656, 656 [1984], appeal dismissed 64 NY2d 1027 [1985]; see also People v Adams, 20 NY3d 608, 612-613 [2013]). Accordingly, we conclude that Judge Cassidy properly appointed a special district attorney in this case, based on the District Attorney's good faith application that established a reasonable basis for his belief that he was disqualified from investigating and prosecuting Walters, namely, the existence of a close professional relationship that could create the appearance of impropriety. We caution that recusal applications by district attorneys must be reviewed on a case-by-case basis and that our determination that the District Attorney had a reasonable basis for recusing in this case does not require recusal in all cases in which a district attorney is called upon to investigate or prosecute a police officer.
In light of our determination that the Special District Attorney was properly appointed to investigate and prosecute Walters, we find no error in Judge Cassidy granting the Special District Attorney's application to extend his authority to investigate and, if warranted, prosecute petitioner with respect to matters arising from the allegations made by the victim (see People v Leahy, 72 NY2d 510, 516 [1988]). Petitioner's remaining contentions have been examined and found to lack merit.
Lynch, J.P., Clark, Mulvey and Devine, JJ., concur.
ADJUDGED that the petition is dismissed, without costs.



Footnotes

Footnote 1: Judges Cassidy and Rowley did not answer the petition.

Footnote 2: In establishing this standard, the Court of Appeals specifically declined to adopt either a standard requiring a district attorney to make the same showing required of an adverse party seeking his or her disqualification, or one that would grant a district attorney the sole discretion to disqualify himself or herself (see id.).

Footnote 3: We may consider the District Attorney's second affirmation in this proceeding because it provides facts relevant to the determination of whether the District Attorney had a good faith basis for seeking disqualification. We further note that the second affirmation consists largely of a recital of the additional facts that the District Attorney avers were provided to Judge Cassidy before he appointed the Special District Attorney.