People v Faison (2024 NY Slip Op 01836)

People v Faison

2024 NY Slip Op 01836

Decided on April 4, 2024

Appellate Division, Third Department

Pritzker, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

111109

[*1]The People of the State of New York, Respondent,
v
Teddy A. Faison, Appellant.

Calendar Date:February 22, 2024

Before: Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Keith F. Schockmel of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Christopher James Di Donna of counsel), for respondent.

Pritzker, J.
Appeal from a judgment of the County Court of Otsego County (Brian D. Burns, J.), rendered January 25, 2019, upon a verdict convicting defendant of the crime of robbery in the first degree.
In April 2017, defendant, accompanied by two others, allegedly entered an apartment that was occupied by three individuals and demanded "any money or weed" while pointing a firearm at one of the individuals. Defendant ultimately took a bag of marihuana, as well as one individual's cellphone and wallet. Defendant was thereafter charged by felony complaint with robbery in the first degree, burglary in the first degree, criminal possession of a weapon in the second degree and assault in the second degree. One of the three individuals (hereinafter victim A) was also arrested for possessing marihuana that the police uncovered when investigating defendant's actions. Prior to a preliminary hearing being held, at the request of the Otsego County District Attorney's office (hereinafter the DA's office), a special prosecutor was appointed. The special prosecutor was subsequently, at his request, relieved of the case and it was returned to the DA's office. Defendant was thereafter charged by indictment with burglary in the first degree and robbery in the first degree and was ultimately found guilty of robbery in the first degree after a jury trial. Defendant was sentenced, as a persistent felony offender, to a prison term of 20 years to life. Defendant appeals.
Defendant contends that County Court committed reversible error when it relieved the special prosecutor and returned the case to the DA's office because the DA's office had already indicated that there was a conflict in prosecution. "Except as provided in [County Law § 701], it shall be the duty of every district attorney to conduct all prosecutions for crimes and offenses cognizable by the courts of the county for which he or she shall have been elected or appointed" (County Law § 700 [1]). County Law § 701 — applicable to special district attorneys — provides, as relevant here, that "[w]henever the district attorney of any county and such assistants as he or she may have . . . are disqualified from acting in a particular case to discharge his or her duties at a term of any court, a superior criminal court in the county wherein the action is triable may, by order . . . appoint some attorney at law having an office in or residing in the county, or any adjoining county, to act as special district attorney during the absence, inability or disqualification of the district attorney and such assistants as he or she may have" (County Law § 701 [1] [a]). As to disqualification, "a district attorney who seeks the appointment of a special prosecutor need not show an actual conflict of interest; rather, the Court of Appeals has held that 'where there is legitimate doubt as to whether a district attorney and his or her office may proceed with a case, the district attorney is not barred from resolving that doubt by choosing [*2]to step aside upon a good faith application containing the reasonable grounds for his or her belief that he or she is so disqualified' " (Matter of Pinney v Van Houten, 168 AD3d 1293, 1295 [3d Dept 2019] [internal brackets and ellipsis omitted], appeal dismissed & lv denied, 33 NY3d 998 [2019], quoting Matter of Working Families Party v Fisher, 23 NY3d 539, 546 [2014]).
Here, when appearing for the preliminary hearing, the DA's office indicated that it would be requesting a special prosecutor due to a conflict arising from the prosecution of victim A in a case that arose as a result of the investigation into defendant's criminal actions.[FN1] The DA's office thereafter submitted an affirmation stating that it would have to call victim A as a witness against defendant, which "giv[es] rise to the conflict." County Court (Lambert, J.) granted the request, disqualifying the DA's office and appointing the special prosecutor. The special prosecutor conducted the preliminary hearing and, a week later, asked the court in a letter to be relieved from the case as he felt that he could not give it the necessary attention due to his "professional and personal commitments." The special prosecutor commented that, "[i]t is my understanding that the [DA's] office may be prepared to proceed on the case." One month later, the court (Burns, J.) held an off-the-record in-chambers conference where defendant's attorney, the DA's office and the special prosecutor were present, after which an order was issued relieving the special prosecutor. The order provided, "[b]y operation of law, the prosecutorial duties are returned to the [DA's office]," citing Public Officers Law § 700 (1).[FN2] Following the return of the case to the DA's office, defendant filed a notice of appeal to the order relieving the special prosecutor.[FN3] The DA's office thereafter presented the matter to the grand jury.[FN4] Additionally, defendant filed an affirmation seeking to make a record of the aforementioned off-the-record chambers conference at which defendant objected to the order relieving the special prosecutor and returning the matter to the DA's office.[FN5] Approximately five months later, defendant moved, by order to show cause, for the disqualification of the DA's office and the appointment of a special prosecutor. The court denied this relief on the basis that defendant did not show good cause for the filing of a motion after the omnibus motion and did not address the merits. The court also determined that the filing of the motion was "frivolous conduct" and that it "subject[ed] [defense] counsel to sanctions."
There does not appear to be any dispute that County Court's (Lambert, J.) order appointing a special prosecutor was proper as the DA's office made a "good faith application containing the reasonable grounds for [its] belief that [it was] so disqualified" (Working Families Party v Fisher, 23 NY3d at 546 [internal quotation marks and citation omitted]; see Matter of Pinney v Van Houten, 168 AD3d [*3]at 1295). Although defendant argues that County Court (Burns, J.) erred in granting the special prosecutor's request to be relieved, we disagree as he made a good faith showing of an inability to prosecute the case (see Matter of Pinney v Van Houten, 168 AD3d at 1295; see also People v Sinram, 143 AD2d 929, 932 [2d Dept 1988], appeals denied 73 NY2d 891 [1989], 73 NY2d 896 [1989]). Thus, the issue here distills to whether it was proper to return the case to the DA's office.
County Law § 701 does not specifically detail the procedure to be followed when a special prosecutor is relieved of his or her appointment, and there is little case law relevant to this issue (see e.g. People v Sinram, 143 AD2d at 932-933); however, it is apparent that the only options are to either appoint another special prosecutor or to return the matter, if appropriate, to the DA's office. Indeed, certain policy considerations weigh in favor of allowing the DA's office to prosecute the case, namely, a "public interest in having prosecutorial duties performed, where possible, by the constitutional officer chosen by the electorate" (Matter of Working Families Party v Fisher, 23 NY3d at 546 [internal quotation marks and citation omitted]). Here, however, the DA's office had, less than two months prior, sought appointment of a special prosecutor based upon a conflict. Based upon this sworn assertion of a conflict, County Court (Lambert, J.) entered an order disqualifying the DA's office and appointing the special prosecutor. Then, when subsequently returning the matter to the disqualified DA's office, no record was made as to why disqualification was no longer necessary. From the scant record of what occurred here, it is clear that defendant's concerns regarding the DA's office's prior disqualification and possible conflict fell on deaf ears. Thus, because on this record we cannot determine why County Court (Burns, J.) deemed it appropriate to no longer disqualify the DA's office, we find that the court committed reversible error in returning the matter to the DA's office (see generally People v Drago, 207 AD3d 559, 563 [2d Dept 2022]). As such, because the matter was presented to the grand jury by the DA's office, the indictment must be dismissed, without prejudice to a new special prosecutor to re-present to another grand jury (see generally People v Huston, 88 NY2d 400, 411-412 [1996]; People v Cain, 209 AD3d 124, 127 [3d Dept 2022], lv denied 39 NY3d 1071 [2023]). Our determination in this regard renders defendant's remaining contentions academic.
Aarons, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is reversed, on the law, indictment dismissed, without prejudice to a new special prosecutor to re-present the matter to another grand jury, and matter remitted to the County Court of Otsego County for appointment of a new special prosecutor.

Footnotes

Footnote 1: Due to this request, the preliminary hearing was adjourned and ultimately held over a month later.
Footnote 2: County Court later conceded that it had erroneously cited to Public Officers Law § 700 (1) rather than County Law § 700 (1).
Footnote 3: It does not appear from the record that this order was actually appealed.
Footnote 4: Defendant filed an unsuccessful motion to be released from custody pursuant to CPL 190.80 as he had been held for grand jury action longer than 45 days. The DA's office argued that defendant should not be released and argued that "the fact that [the DA's office] was without authority to prosecute the case" for approximately 30 days as well as scheduling issues constituted the requisite good cause.
Footnote 5: In this affirmation, defendant averred that County Court informed defendant that he did not have standing to object. The DA's office, by letter, noted that it would not be responding to the "seemingly extraneous [a]ffirmation."