People v Callara (2024 NY Slip Op 03969)

People v Callara

2024 NY Slip Op 03969

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DELCONTE, KEANE, AND HANNAH, JJ.

448 KA 22-01541

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DINO J. CALLARA, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KERRY A. CONNER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
ANTHONY M. BRUCE, SPECIAL PROSECUTOR, BATAVIA, FOR RESPONDENT. 

 Appeal from a judgment of the Orleans County Court (Sanford A. Church, J.), rendered July 6, 2022. The judgment convicted defendant upon a jury verdict of grand larceny in the fourth degree and petit larceny (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law, the indictment is dismissed, and the matter is remitted to Orleans County Court for proceedings pursuant to CPL 470.45.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law
§ 155.30 [8]) and two counts of petit larceny (§ 155.25). The charges were prosecuted by a special district attorney appointed by County Court following the disqualification, upon application, of the elected district attorney for Orleans County. Defendant contends that the special district attorney lacked jurisdiction to present evidence to a grand jury, secure an indictment, and prosecute him on the indictment inasmuch as the court exceeded its authority by appointing an attorney who did not live or maintain a law office in Orleans County or an adjacent county. We agree with defendant.
"County Law § 701 (1) allows a court to appoint a special district attorney in situations where the district attorney is 'disqualified from acting in a particular case to discharge his or her duties at a term of any court' " (Matter of Soares v Herrick, 20 NY3d 139, 144 [2012]). The Court of Appeals, "[a]cknowledging that a court's authority under County Law § 701 'to displace a duly elected [d]istrict [a]ttorney' raises separation of power concerns, [has] cautioned that '[t]his exceptional superseder authority should not be expansively interpreted' " (id. at 144-145, quoting People v Leahy, 72 NY2d 510, 513-514 [1988]). As relevant here, section 701 (1) (a) explicitly limits the superseding authority of a court to "appoint[ing] some attorney at law having an office in or residing in the county, or any adjoining county, to act as special district attorney." Where, as here, a court exceeds its authority by appointing a special district attorney who does not meet those statutory requirements, "[t]he indictment must be dismissed to preserve the integrity of a statute designed narrowly by its terms and by its purpose to fill emergency gaps in an elected prosecutorial official's responsibility" (Leahy, 72 NY2d at 513).
In light of our determination, we do not address defendant's remaining contentions.
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court