People v Callara (2025 NY Slip Op 05739)

People v Callara

2025 NY Slip Op 05739

Decided on October 16, 2025

Court of Appeals

Troutman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 16, 2025

No. 77 

[*1]The People & c., Appellant,
v
Dino J. Callara, Respondent.

Anthony M. Bruce, for appellant.
Chad A. Davenport, for respondent.
District Attorneys Association of the State of New York, amicus curiae.

TROUTMAN, J.

On this appeal we are asked to decide whether a special district attorney's failure to satisfy the residency requirement contained within County Law § 701 (1) (a) is a mere irregularity that is waived if the defendant fails to timely raise the issue, or whether the residency requirement is a non-waivable jurisdictional prerequisite for a valid prosecution. We conclude that the court was without authority to appoint a special district attorney who did not satisfy the residency requirement, and therefore the indictment must be dismissed.
I.
Defendant was charged in Orleans County with various counts of larceny based on allegations that he improperly sold a vehicle that was given to him for repairs and retained the proceeds. The Orleans County District Attorney moved to be disqualified from the case due to his relationship with the alleged victim. County Court granted the application and appointed a special district attorney pursuant to County Law § 701 (1) (a). That statute provides that when the district attorney is disqualified from acting in a particular case, "a superior criminal court in the county wherein the action is triable may . . . appoint some attorney at law having an office in or residing in the county, or any adjoining county, to act as special district attorney during the absence, inability or disqualification of the district attorney and such assistants as he or she may have."[FN1]
It is undisputed that the special district attorney did not have an office in or reside in Orleans County or any adjoining county and therefore did not satisfy the statute's residency requirement. Although defendant received correspondence during the course of
the prosecution that listed addresses for the special district attorney located in Erie County—which does not adjoin Orleans County—defendant did not challenge the special district attorney's appointment or otherwise raise the issue before the trial court. After defendant was convicted, however, he raised the issue on direct appeal. The Appellate Division agreed with defendant that the court exceeded its authority by appointing a special district attorney who did not satisfy the residency requirement and dismissed the indictment on this ground (229 AD3d 1247 [4th Dept 2024]). A Judge of this Court granted the People leave to appeal (42 NY3d 1019 [2024]). We now affirm.
II.
We have previously mandated strict adherence to the requirements of section 701. In People v Leahy (72 NY2d 510 [1988]), the trial court granted the district attorney's recusal application and appointed a special district attorney to prosecute five named individuals accused of assaulting a police officer (Leahy) (see id. at 511-512). The special district attorney then obtained an indictment charging Leahy with reckless endangerment in connection with the incident (see id. at 512-513). After the indictment was returned, the court signed a new order appointing the special district attorney in Leahy's case, but the order did not "validate[ ] the indictment" or specify "that it was effective nunc pro tunc" (id. at 513). Leahy subsequently sought to dismiss the indictment, arguing that the special district attorney was without authority to prosecute him at the time the evidence was presented to the grand jury and the indictment was returned (see id.).
This Court agreed that the special district attorney acted without authority, requiring dismissal of the indictment "to preserve the integrity of a statute designed narrowly by its terms and by its purpose to fill emergency gaps in an elected prosecutorial official's responsibility" (id.). The Court reasoned that the trial court's "[a]uthority in these circumstances to displace a duly elected District Attorney, an officer of the executive branch of government, with a substitute appointed by a Judge from another branch of government, is derived solely from County Law § 701," and that this "exceptional superseder authority should not be expansively interpreted" (id. at 513-514).
The Leahy Court emphasized the separation of powers concerns at play when the judiciary replaces the district attorney—an elected constitutional officer—pursuant to County Law § 701. The Court distinguished the authority of the governor to appoint the attorney general to assume the powers and duties of a district attorney pursuant to Executive Law § 63 (2), observing that "when an appointment is made under section 63 (2), the whole dynamic is played out within the executive branch" (id. at 515). By contrast, "appointments made pursuant to County Law § 701 come from another branch of government, the judicial branch, and the statute itself expressly limits the scope of the court's appointive power to 'a particular case' " (id.). In light of these separation of powers concerns, the Court concluded that "a very important purpose is served by adhering to the plain language of the statute and to its exceptional function of displacing an elected constitutional officer" (id. at 514).
The same reasoning applies here. County Court's authority to appoint a special district attorney to act in place of the disqualified, duly elected district attorney is derived solely from County Law § 701. Section 701 requires a special district attorney to have an office in or reside in the relevant county or an adjoining county. The court is therefore without authority to appoint as special district attorney an attorney who does not satisfy the residency requirement. To allow the court to violate the statute by appointing an attorney who fails to satisfy the residency requirement so long as the defendant fails to timely object "would change the character of the statutory limitation" that the legislature saw fit to impose on this "extraordinary" and "exceptional superseder authority" (Leahy, 72 NY2d at 513-514).
The People argue that we have previously held that similar residency requirements are not "jurisdictional" and therefore can be waived by the defendant. In Matter of Haggerty v Himelein (89 NY2d 431 [1997]), for example, the District Attorney of Cattaraugus County appointed the attorney general and four assistant attorneys general as assistant district attorneys to aid in a particular prosecution (see id. at 434). The defendants argued in a separate CPLR article 78 proceeding that the attorney general and his staff were without "jurisdictional authority" to act [*2]because the governor did not appoint them pursuant to Executive Law § 63 (2) (see id. at 434-435). This Court disagreed, reasoning that an appointment pursuant to Executive Law § 63 (2) was required only where the attorney general purported to exercise the authority of the district attorney by assuming the prosecutorial function (see id. at 436-437). In Haggerty, however, the district attorney retained ultimate prosecutorial authority, and no law prohibited the attorney general or his staff from assisting in a prosecution where the district attorney retained that ultimate authority (see id.). In a footnote, the Court wrote: "To the extent that the appointments to the position of Assistant District Attorney, Cattaraugus County here may implicate residency requirements of Public Officers Law § 3 (1), we have previously held that such eligibility features are not jurisdictional in nature" (id. at 437 n).[FN2]
For that proposition, the Haggerty Court cited People v Dunbar (53 NY2d 868, 871 [1981]) and People v Carter (77 NY2d 95, 103 [1990]). Those cases, like Haggerty, involved the appointment of an assistant district attorney who did not satisfy certain requirements. The critical distinctions between this case and Haggerty, Dunbar, and Carter is that each of the latter three cases involved the appointment of an assistant district attorney by the duly elected district attorney. Here, by contrast, the special district attorney was appointed by the court pursuant to County Law § 701 after the elected district attorney was disqualified. In light of these separation of powers concerns, "a very important purpose is served by adhering to the plain language of the statute and to its exceptional function of displacing an elected constitutional officer" (Leahy, 72 NY2d at 514).
The People and the District Attorneys Association of the State of New York, as amicus curiae, argue that it can be difficult to find qualified attorneys who are willing and able to serve as special district attorney, particularly in rural counties, under section 701 as currently drafted. They assert that the "adjoining county" allowance of County Law § 701 does not eradicate this problem because several rural counties in the state border only other rural counties.
The remedy for such difficulties lies in amendment of the statute by the legislature, not disregard of the plain statutory text by the courts. Indeed, the "adjoining county" language in section 701 was added in 1983 as a specific exception for Orleans County (see L 1983, ch 645, § 1). In 1991, the legislature expanded the court's authority to appoint an attorney from an adjoining county to all counties in the state (see L 1991, ch 560, § 2). If further amendment of the statute is warranted to accommodate the challenges faced by rural counties when the elected district attorney is disqualified, that is a task for the legislature.
"Very simply, reversal is required in this case because the plain wording of County Law § 701 requires that a judicial appointment of a Special District Attorney be limited to" an attorney who resides in or has an office in the county or an adjoining county (Leahy, 72 NY2d at 516). The appointing court is responsible for ensuring that the appointment is consistent with the statutory requirements. Here, the court was without authority to appoint a special district attorney who did not satisfy the residency requirement. The Appellate Division correctly held that the court exceeded its authority and that "[t]he indictment must be dismissed to preserve the integrity of a statute designed narrowly by its terms and by its purpose to fill emergency gaps in an elected prosecutorial official's responsibility" (id. at 513).
Accordingly, the order of the Appellate Division should be affirmed.
Order affirmed. Opinion by Judge Troutman. Chief Judge Wilson and Judges Rivera, Garcia, Singas, Cannataro and Halligan concur.
Decided October 16, 2025

Footnotes

Footnote 1: The statute also allows the court to "appoint a district attorney of any other county within the judicial department or of any county adjoining the county wherein the action is triable to act as special district attorney, provided such district attorney agrees to accept appointment by such criminal court during such absence, inability or disqualification of the district attorney and such assistants as he or she may have" (County Law § 701 [1] [b]). That provision is not at issue here.

Footnote 2: Public Officers Law § 3 (1) generally requires assistant district attorneys to reside in the county which they serve, although several exceptions have been made within the statute to that requirement.